IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | No. 16 C 8390 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| AETNA INC., PRIMARY CARE ) | |
| MEDICAL ASSOCIATES LTD., and DR. ) | |
| SHEILA BHAGAVAN, M.D. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jane Doe sued defendants Aetna Inc., Primary Medical Associates Ltd., and Dr. Sheila Bhagavan, M.D. in the Circuit Court of Cook County, Illinois, alleging that defendants disclosed plaintiff's medical records without her consent in violation of the Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1 et. seq., and the AIDS Confidentiality Act, 410 ILCS 305/1 et seq., that such disclosure amounted to Intentional Infliction of Emotional Distress, and seeking return of those records. Defendants removed the case to this court (Doc. 1), asserting federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441(a), pursuant to the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., arguing that ERISA preempts any state law claims. Plaintiff has moved to remand (Doc. 15), arguing that she has alleged violations of state law only, leaving this court without subject matter jurisdiction. For the reasons described below, the motion is denied.

## BACKGROUND

Plaintiff was injured in a car accident on March 17, 2016. Plaintiff sought treatment from defendant Dr. Sheila Bhagavan, M.D. ("Bhagavan"), who was affiliated with defendant Primary Care Medical Associates, Ltd. ("PCMA"). As a result of her injuries, plaintiff was unable to

work from March 18, 2016, through March 29, 2016. On March 24, 2016, plaintiff requested short term disability benefits through her insurer, defendant Aetna Inc. ("Aetna"). Aetna issued "Medical Information Requests" to Bhagavan on March 25, 2016, requesting the following: (1) operative or procedural notes; (2) office notes from physical examination findings on March 23, 2016; (3) physical therapy/occupational therapy notes; (4) diagnostic test results; (5) outline of treatment plan; and (6) medications and any side effects. Additionally, Aetna asked Bhagavan to complete an Attending Provider Statement, indicating if plaintiff was able to return to work and, if so, any restrictions that would be placed upon her.

The same day that Aetna sent the above requests to Bhagavan and PCMA, it informed plaintiff that it had done so. Plaintiff immediately informed Aetna that it lacked the authority to make such requests. Plaintiff then spoke with a PCMA representative who confirmed that it had received the requests, but assured plaintiff that only the Attending Provider Statement would be sent to Aetna. The remaining records would be left for plaintiff to retrieve and redact as she saw fit.

Aetna sent another Medical Information Request to Bhagavan and PCMA on March 28, 2016. Then, on March 30, 2016, Aetna informed plaintiff that her short term disability benefits for the period of March 18 to March 28, 2016, had been approved. The next day, without seeking authorization from plaintiff, Bhagavan and PCMA responded to Aetna's Request for Medical Records. Their response disclosed the following information: plaintiff's social security number, her social history, mental health and/or developmental disabilities, and her HIV/AIDS status. When plaintiff learned of the disclosure on April 4, 2016, she contacted Bhagavan and PCMA and was told that the records were sent in error. The next day, plaintiff contacted Aetna,

2

indicating that the records were sent without her authorization. Aetna informed plaintiff that it did not intend to remove or destroy the records. On April 8, 2016, Bhagavan and PCMA requested that Aetna do just that, but Aetna again refused.

Plaintiff filed a complaint against defendants in the Circuit Court of Cook County, Illinois, on July 26, 2016. Aetna was served with a copy of the complaint on July 28, 2016. Bhagavan was served with a copy of the complaint on August 8, 2016, and PCMA was served on August 26, 2016. Aetna filed its Notice of Removal in this court on August 26, 2016. After conferring with the other defendants, Aetna submitted a Written Consent to Removal signed by Bhagavan and PCMA on September 7, 2016.

## DISCUSSION

Plaintiff's complaint asserts four state law claims. A state claim can be removed to federal court only if the federal court has original jurisdiction unless Congress provides otherwise. 28 U.S.C. § 1441(a); Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 474 (1998). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 475 (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)). For proper removal, a right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's claim, Gully v. First Nat. Bank, 299 U.S. 109 (1936), and a case may not be removed on the basis of a federal defense even if both parties admit that the defense is the only question truly at issue in the case. Rivet, 522 U.S. at 475.

An "independent corollary" to the well-pleaded complaint rule is the principle that "a plaintiff may not defeat removal by omitting to plead necessary federal questions." Id. (quoting Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California., 463 U.S. 1, 22 (1983)). If a court concludes that a plaintiff has "artfully pleaded" to omit necessary federal questions, it may uphold removal despite the absence of a federal question on the face of the complaint. Rivet, 522 U.S. at 475. The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state law claim, id., and where the plaintiff's state law claims "implicate significant federal issues." Grable & Sons Metal Products, Inc.v. Darue Eng'g and Mfg., 545 U.S. 308, 312 (2005).

## I. Preemption of Plaintiff's Claims

Defendants' removal is based on ERISA's preemption clause, which states, "this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The "[p]urpose of ERISA is to provide a uniform regulatory regime over employee benefit plans" to protect the interests of participants and their beneficiaries. Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004). Consequently, ERISA contains "expansive pre-emption provisions," ensuring that employee benefit plan regulation is "exclusively a federal concern." Id. (citation omitted). Accordingly, ERISA preempts any state law that "governs . . . a central matter of plan administration or interferes with nationally uniform plan administration." Gobeille v. Liberty Mut. Ins. Co., 136 S.Ct. 936, 943 (2016) (internal quotation omitted). "[R]eporting, disclosure, and recordkeeping are central to, and an essential part of, the uniform system of plan administration contemplated by ERISA." Id. At 945. ERISA contains extensive reporting, disclosure, and recordkeeping requirements for

4

welfare benefit plans to ensure uniformity and to avoid "[r]equiring ERISA administrators to master the relevant laws of 50 States." Egelhoff v. Egelhoff, 532 U.S. 141, 149 (2001). These requirements encompass plaintiff's claims regarding Aetna's recordkeeping and disclosure or retention of her medical records.

Just as ERISA contains requirements regarding reporting, disclosure, and recordkeeping, it also provides remedies when those requirements are not followed. Relevant to the instant case, ERISA provides for a breach of fiduciary duty claim under its enforcement provision, 29 U.S.C. § 1132(a). Plaintiff argues that, because she does not claim any refusal of benefits under the plan, her claims do not rest on the terms of the ERISA plan and are therefore not within the scope of ERISA's civil enforcement provision. ERISA, however, cannot fairly be construed through such a narrow scope. ERISA allows a civil action to be brought by a participant or beneficiary "to enforce his rights under the terms of the plan," "to enjoin any act or practice which violates . . . the terms of the plan," or "to obtain other appropriate relief [ ] to redress such violations." 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3). Where, as here, a state law claim "duplicates, supplements, or supplants the ERISA civil enforcement remedy," it is preempted. Davila, 542 U.S. at 209.

As defendants point out, the cases plaintiff cites to the contrary are unavailing. Far from citing support for her argument that her state claims are not preempted by ERISA, plaintiff merely cites to cases where the Seventh Circuit found that unrelated state law issues were not preempted. Unfortunately for plaintiff, the Seventh Circuit's conclusion that subrogation claims are not preempted by ERISA does nothing to advance her argument that *her* state law claims are not preempted. See Speciale v. Seybold, 147 F.3d 612, 616 (7th Cir. 1998) (citing Blackburn as

5

controlling); Blackburn v. Sundstrand Corp., 115 F.3d 493, 495 (7th Cir. 1997) ("Not even the most expansive reading of ERISA covers motor vehicle collisions, just because part of the recovery may inure to the benefit plan."). The Seventh Circuit's conclusion that medical malpractice and respondeat superior claims are not preempted is equally inapplicable to plaintiff's argument. See Rice v. Panchal, 65 F.3d 637, 645 (7th Cir. 1995) ("beyond the simple need to refer to the Plan, the Plan is irrelevant to the dispute") (internal quotation omitted). Unlike the cases plaintiff relies upon, plaintiff's claims are governed by ERISA, specifically its fiduciary requirements, as well as the fiduciary requirements of plaintiff's employer-sponsored ERISA benefits plan, because the foundation of plaintiff's complaint is Aetna's request for and use of her medical records in processing her disability claim.

Although plaintiff hints at impropriety on Aetna's part, evidenced, according to her, by the fact that the requested records were received the day *after* her claim was approved, plaintiff ignores the fact that the records request was submitted two days *before* her claim was approved. Further, plaintiff is unable to point to any improper purpose for which Aetna requested and has retained the records. Further still, plaintiff makes a merits argument when the issue is one of jurisdiction. For the reasons discussed, plaintiff's state law claims are preempted because they fall entirely within ERISA. See Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 193 (4th Cir. 2002) ("If [plaintiff] is alleging that [defendant], *in the course of processing a benefits claim or performing some other plan duty*, improperly disclosed her private medical information, this would be a claim for breach of fiduciary duty under ERISA.") (emphasis in original).

**II.     Timing of Removal**

Plaintiff also argues that not all defendants have properly and timely consented to removal for two reasons: (1) the notice of removal does not specifically show that Bhagavan and PCMA consented and it does not outline the specific allegations contained in the notice of removal; and (2) Bhagavan and PCMA's actions cast doubt on their consent. Plaintiff is mistaken in both regards.

As a threshold matter, removal was timely. Aetna was served with a copy of the complaint on July 28, 2016. Aetna filed its Notice of Removal in this court on August 26, 2016, within the 30 days required by 28 U.S.C. § 1446(b)(2)(B). Bhagavan was served with a copy of the complaint on August 8, 2016, and PCMA was served on August 26, 2016. Aetna submitted a Written Consent to Removal signed by Bhagavan and PCMA on September 7, 2016, again within the 30 days required by 28 U.S.C. § 1446(b)(2)(B). Indeed, in plaintiff's reply in support of her motion to remand, plaintiff concedes that notice of removal was timely filed.

Turning to plaintiff's first point, she takes issue not with the timeliness of the notice of removal, but rather with its specificity. According to plaintiff, the Written Consent to Removal signed by Bhagavan and PCMA is deficient because it does not "set out any of the substantive reasons indicating why [they] believe this Court should have jurisdiction over this matter." Plaintiff is wrong. Further, not one of the cases that plaintiff cites to support this proposition does so. Rather, every one of the cases plaintiff cites confirms defendants' argument that removal is effective where all parties have submitted written consent within 30 days of being served. See Gossmeyer v. McDonald, 128 F.3d 481, 489 (7th Cir. 1997) ("Finally, we must consider that not all of the named defendants signed [defendant]'s petition for removal."); Denton v. Universal Am-Can, Ltd., 2012 WL 3779315 at *3 (N.D.Ill. Aug. 30, 2012)

7

("Defendants' Amended Notice of Removal is still deficient because [two defendants] have not signed the amended removal petition"); Save A Life Found., Inc., v. Heimlich, 601 F.Supp.2d 1005, 1007, n.1 (N.D.Ill. 2009) ("A representation by the moving defendant that all other defendants consent to removal is insufficient; rather, all defendants must sign the notice of removal.") (citation omitted). In the instant case, Aetna did not merely "represent" that the other defendants consented to removal, as plaintiff alleges. Rather, Aetna submitted to the court a Written Consent to Removal signed by Bhagavan and PCMA. Consequently, 28 U.S.C. § 1446(b)(2)(A) is satisfied.

Plaintiff attempts to call into question the validity of the Written Consent to Removal by arguing that it was "purportedly" signed by Bhagavan and PCMA. Plaintiff offers no evidence that the signatures are not valid and the court sees no reason to doubt their validity. Plaintiff further alleges that, because Bhagavan and PCMA are represented by separate counsel, who filed an appearance on their behalf in the Circuit Court of Cook County two days after the Written Consent to Removal was filed in this court, Bhagavan and PCMA did not truly consent to removal. Plaintiff cites no support for such a notion and this court knows of none.

As for her second point, plaintiff argues that, because Bhagavan and PCMA did not respond to plaintiff's motion to remand or formally adopt or endorse Aetna's response, there is no "clear consent" to removal. Plaintiff again cites no support for this notion, but her argument was rendered moot December 21, 2016, when Bhagavan and PCMA responded to plaintiff's motion to remand. In their response, Bhagavan and PCMA make clear that their "silence in no way was an endorsement of Plaintiff's position and a condemnation of Aetna's position," but rather "a reflection of the affidavit signed by their clients speaking for itself." Given that written

consent to removal was given by Bhagavan and PCMA within 30 days of them being served, the court finds that all defendants have properly and timely consented to removal, which is proper under ERISA.

## **CONCLUSION**

For the reasons stated above, plaintiff's motion to remand is denied. Defendants are directed to answer or otherwise plead to the complaint on or before February 6, 2017. The parties are directed to file a joint status report using this court's form on or before February 10, 2017. The status hearing previously set for January 17, 2017, is continued to February 16, 2017 at 9:00 a.m.

**ENTER:** January 12, 2017

_____
**Robert W. Gettleman
United States District Judge**